**UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re: | Bankruptcy No. 22-11499-CMA |
| MIKHAIL NEVLER | Adversary Case No. 22-01054-CMA |
| MIKHAIL NEVLER | **NOTICE OF MOTION AND** |
| Plaintiff, | **DEFENDANTS' MOTION FOR** |
| v. | **SUMMARY JUDGMENT** |
| MARK N. ROUSH II and CINDA JANE ROUSH, husband and wife, and MELISSA L. ROUSH, a single woman. | |
| Defendants. | |

## I. NOTICE OF MOTION

<u>Date of Hearing</u>: March 23, 2023.

<u>Time of Hearing</u>: 11:00am

<u>Place of Hearing</u>: Seattle Courthouse, 700 Stewart St., #6301 Seattle, WA 98101

Any Party opposing this motion must file and serve a written response by the response date, to-wit, March 16, 2023.

Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

| Service Address | Mailing Address | Contact Information |
|---|---|---|
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

## II. MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendants Mark N. Roush II and Cinda Jane Roush, by and through their attorney of record, Eric J. Lanza of Buzzard O'Rourke, P.S., and moves the Court for summary judgment on the following claims and defenses:

Granting Defendant's counterclaim for declaratory relief issuing an order adjudicating Plaintiff's interest in the Vashon Property to be that of a tenant, and not that of an owner in fee simple.

Defendants further move the Court for an order dismissing Plaintiff's claims contained in his Complaint based upon Defendant's affirmative defenses of estoppel, unclean hands, and/or failure to state a claim upon which relief can be granted.

## III. AUTHORITY

This motion is brought pursuant to the Federal Rules of Bankruptcy Procedure Rule 7056 and Federal Rule of Civil Procedure 56.

## IV. EVIDENCE RELIED UPON

This Motion is based on the pleadings on file in this action, and the declaration of Eric J. Lanza and Mark N. Roush, filed separately and contemporaneously with this Motion for Summary Judgment.



**Buzzard O'Rourke, P.S.**

attorneys at law

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

# V. FACTS

## A.    Historical Background.

1. Plaintiff Mikhail Nevler (hereafter "Nevler") is the former spouse of Melissa L. Roush, the daughter of Mark N. Roush II and Cinda Jane Roush.[1]

2. On or around March 7, 2014, Defendants Mark N. Roush II and Cinda Jane Roush (hereafter, collectively, "Roush") purchased real property located on Vashon Island in King County, Washington commonly known as 11423 99th Ave. SW, Vashon, WA 98070 (hereafter the "Vashon Property").[2]

3. At the time of purchase, Roush obtained a VA loan through Cobalt Mortgage Company to secure funds necessary to purchase the Vashon Property.[3] The length of the VA loan is 30 years, and the monthly mortgage payment was approximately $2,000 per month.[4]

4. Wishing to provide a home for their daughter, Nevler, and their young grandson, Roush agreed to allow Nevler and his family to occupy the Vashon Property.[5]

5. Nevler and his family took possession of the Vashon Property shortly after the purchase was completed.[6]

---

[1] Roush Decl., ¶ 1.

[2] Lanza Decl. Exhibit A.

[3] *Id.*

[4] Roush Decl., ¶ 6.

[5] Roush Decl., ¶ 5.

[6] Roush Decl., ¶ 6.



**Buzzard O'Rourke, P.S.**
a t t o r n e y s  a t  l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

6. Roush, Nevler, and Roush's daughter entered into an oral agreement that Nevler and his family would remit monthly payments to Roush in an amount equal to the mortgage payment on the VA loan in exchange for living on the property.[7]

7. After taking possession of the Vashon Property in March 2014, Nevler and/or his spouse made payments to Roush by personally delivering cash each month to Roush. Later, Nevler and/or his spouse started making cash deposits into Roush's bank account.[8]

8. Shortly after closing on the Vashon Property, approximately in March or April 2014, Roush orally agreed that, if Nevler and his family were able to obtain financing within five (5) years, Roush would sell the property to their daughter and Nevler for a price equal to the then-remaining balance on the VA Loan.[9]

9. Nevler and his spouse orally agreed to the terms.[10]

10. Neither Nevler, nor his spouse, were able to obtain financing necessary to purchase the Vashon Property from Roush.[11]

11. Neither Nevler, nor his spouse, exercised their contractual right to purchase the property for the remaining balance owed on the VA Loan within five (5) years after taking occupancy.[12]

---

[7] Roush Decl., ¶ 7-9

[8] Roush Decl., ¶ 10 and 12.

[9] Roush Decl., ¶ 8.

[10] Roush Decl., ¶ 9.

[11] Roush Decl., ¶ 11 and 16.

[12] *Id.*



Buzzard O'Rourke, P.S.
attorneys at law

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

12. In or around 2018, Nevler and/or his spouse filed for divorce in King County Superior Court.[13] King County Superior Court entered an Order dissolving the marriage in or around September or August of 2022. In the mediation agreement for the settlement of the divorce, Nevler agreed to vacate the Vashon house.[14]

13. From 2014 to 2018, Nevler made these monthly payments each month, per the parties' agreement. Nevler made these payments to Roush by depositing money into Roush's account. These payments were made while Nevler's first bankruptcy case was pending.[15]

14. In February 2019, Nevler indicated that the final amendment in his bankruptcy case had been approved, and he was now able to begin making his monthly payments directly to the mortgage company online, rather than depositing cash into Roush's bank account.[16]

15. In January 2022, Nevler ceased making payments to Roush for the Vashon Property. Since that time Roush has made all payments on the VA loan.[17]

//

//

//

//

//

---

[13] Roush Decl., ¶ 13.

[14] Roush Decl., ¶ 17.

[15] Roush Decl., ¶ 11

[16] Roush Decl., ¶ 14

[17] Roush Decl., ¶ 16.



Buzzard O'Rourke, P.S.
a t t o r n e y s  a t  l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

B.    The November 2014 Bankruptcy (14-18388-CMA)

16. Nevler and his spouse filed a petition for Chapter 13 bankruptcy on November 18, 2014 (hereafter the "November 2014 Bankruptcy").[18]

17. This filing occurred several months after Roush purchased the Vashon Property.

18. On page 2 of the Petition, Nevler listed a residential address of 13017 3rd Ave. S., Burien, WA (hereafter the "Burien Property").[19]

19. Nevler filed his balance of Schedules on December 9, 2014.[20] Schedule A lists one real property asset—the Burien Property.[21]

20. Section 21 of Part 2 on Schedule J lists "**RENTAL** in Vashon" (emphasis added) as a monthly expense. The monthly expense amount is listed as $700.00 per month.[22] On October 24, 2019, Nevler filed his final amended Schedule J, which included the same $700.00 per month for "Rental in Vashon".[23] The amended Schedule J included a $1,416.00 monthly ownership expenses for the Burien Property.

---

[18] See *In re Michael Nevler, Melissa L. Roush,* Case No. 14-18388-CMA (Nov. 18, 2014).

[19] *In re Michael Nevler, Melissa L. Roush,* Case No. 14-18388-CMA, Petition, 2 (Nov. 18, 2014)

[20] *In re Michael Nevler, Melissa L. Roush,* Case No. 14-18388-CMA, Balance of Schedules (Dec. 9, 2014).

[21] *In re Michael Nevler, Melissa L. Roush,* Case No. 14-18388-CMA, Balance of Schedules (Dec. 9, 2014).

[22] *In re Michael Nevler, Melissa L. Roush,* Case No. 14-18388-CMA, Balance of Schedules, Schedule J, 2 (Dec. 9, 2014).

[23] *In re Michael Nevler, Melissa L. Roush,* Case No. 14-18388-CMA, Balance of Schedules, Schedule J, 2, (Oct. 24, 2019).



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.law

21. The initial monthly payment on the VA loan for the Vashon Property was $2,053.20.[24]

22. Nevler paid the $2,053.20 for the Vashon Property, in cash, directly to Roush by depositing in Roush's bank account.[25]

23. Nevler filed several amended plans in the November 2014 Bankruptcy—none of which ever mentioned payment of any mortgage on the Vashon Property. In fact, many of these plans did not provide for the payment of any monthly obligations associated with the Vashon Property,[26] despite reporting a $700 rental expense on his Schedule J.[27]

24. In February 2019, Nevler sent a text message to Roush stating that his final amendment had been approved, and he was now able to make monthly payments directly to the mortgage servicer online, rather than depositing cash into Roush's bank account.[28]

25. The Court issued an Order discharging Nevler and his spouse's debts on February 28, 2020.[29]

---

[24] Roush Decl., Ex. A.

[25] Roush Decl., ¶ 7.

[26] *In re Michael Nevler, Melissa L. Roush,* Case No. 14-18388-CMA, Amended Ch. 13 Plan (Feb. 9, 2015); see also *In re Michael Nevler, Melissa L. Roush,* Case No. 14-18388-CMA, Modified Ch.13 Plan (Jun. 30, 2015), (Mar. 7, 2016), (Nov. 7, 2016), (Mar. 2, 2017), (May 4, 2017), (Sept. 7, 2017), (Apr. 5, 2018), (Apr. 23, 2018), (Apr. 1, 2019), (Oct. 24, 2019).

[27] See note 24, supra.

[28] Roush Decl. Ex. B.

[29] *In re Michael Nevler, Melissa L. Roush,* Case No. 14-18388-CMA, Order Discharging Debtor in Chapter 13 (Feb. 28, 2020).



Buzzard O'Rourke, P.S.

a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

26. Nevler Filed bankruptcy on February 4, 2021, (hereafter the "February 2021 Bankruptcy") under the name Michael Nevler.[30]

27. On page 2 of the Voluntary Petition under Section 5 "Where you Live" Nevler listed his residence as the Burien Property.[31]

28. On March 9, 2021, Nevler filed his schedules associated with the Chapter 13 petition. In Schedule A/B: Property, Nevler listed one real property asset: the Burien Property.[32]

29. In Schedule J, Part 2, line 21, submitted as part of the February 2021 Bankruptcy, Nevler listed "Vashon **RENTAL**" (emphasis added) as a $1,900.00 monthly expense.[33]

30. In the Chapter 13 Plan filed in the February 2021 Bankruptcy, Nevler lists one (1) single mortgage payment to Caliber Home Loans, in the amount of $1,500.00 per month. No other mortgage payments are listed or provided for in the Plan. The $1,900.00 Vashon rental expense listed in Schedule J was not addressed in the Chapter 13 plan.[34]

31. On April 21, 2021, the Trustee moved to dismiss Nevler's case. The motion to dismiss was based on several grounds. Most relevant to the case at bar, the Trustee moved to dismiss the February 2021 Bankruptcy because "the debtor listed a $1,900/month expense on Schedule J for a Vashon rental. Based on the debtor's testimony, the debtor

---

[30] See *In re Michael Nevler,* Case No. 21-10240-CMA (Feb. 4, 2021).

[31] *In re Michael Nevler,* Case No. 21-10240-CMA, Petition, 2 (Feb. 4, 2021).

[32] *In re Michael Nevler,* Case No. 21-10240-CMA, Schedules, Schedule A/B Property, 1 (Mar. 9, 2021).

[33] *In re Michael Nevler,* Case No. 21-10240-CMA, Schedules, Schedule J, 2 (Mar. 9, 2021).

[34] *In re Michael Nevler,* Case No. 21-10240-CMA, Chapter 13 Plan (Mar. 9, 2021).



**Buzzard O'Rourke, P.S.**
a t t o r n e y s  a t  l a w

| Service Address | Mailing Address | Contact Information |
|---|---|---|
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

and his non-filing spouse are separated and the spouse is living at this rental property in Vashon. The debtor needs to provide the trustee with current documentation to support the $1,900/month expense on Schedule J for his housing expense."[35]

32. On May 14, 2021, Nevler filed an amended Chapter 13 plan. The amended plan made no provision for payment on the "Vashon Rental" whatsoever.[36]

33. On May 19, 2021, the Trustee objected to confirmation of the Amended Chapter 13 Plan. The trustee objected on many grounds, most pertinent to the case at bar is the Trustee's assertion that: "The debtor was ordered by this Court to provide the Trustee with current documentation to support the $1,900/month Vashon Rental expense listed on Schedule J by May 4, 2021, however he failed to do so and to date, this documentation has not been provided."[37]

34. The Court ultimately granted the Trustee's motion to dismiss on June 15, 2021.[38]

#### D. The June 21, 2021 Bankruptcy (21-11223-CMA)

35. Nevler filed for Bankruptcy on June 21, 2021, (hereafter the "June 2021 Bankruptcy"), under the name Michael Nevler (Melissa Roush listed as co-filer).[39]

---

[35] *In re Michael Nevler,* Case No. 21-10240-CMA, Chapter 13 Trustee's Motion to Dismiss (Apr. 21, 2021).

[36] *In re Michael Nevler,* Case No. 21-10240-CMA, Amended Chapter 13 Plan (May 14, 2021).

[37] *In re Michael Nevler,* Case No. 21-10240-CMA, Objection to Confirmation of Chapter 13 Plan (May 19, 2021).

[38] *In re Michael Nevler,* Case No. 21-10240-CMA, Notice of Dismissal (June 15, 2021).



**Buzzard O'Rourke, P.S.**
attorneys at law

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

36. Page 2 of the Voluntary Petition states that Nevler and his spouse reside at the Burien Property.[40]

37. No schedules were filed by Nevler. The Trustee moved to dismiss the case for failure to file schedules.[41] The Trustee's motion to dismiss was granted on July 29, 2021.[42]

    E.    The September 2022 Bankruptcy (22-11499-CMA)

38. Nevler filed the most recent petition for Chapter 13 relief on September 19, 2022 (hereafter the "2022 Bankruptcy").[43]

39. For the first time, in over eight (8) years since first "acquiring" the Vashon Property, Nevler has asserted an ownership interest in the Vashon Property.[44]

40. Schedule A filed in the 2022 Bankruptcy lists the Vashon Property as an asset. Nevler purports—under penalty of perjury—that he owns 100% of the Vashon Property. Nevler further purports that the Vashon Property is not subject to any secured debt.[45]

41. Unlike any of his previous bankruptcies, Nevler makes no reference to any monthly payment obligations associated with the Vashon Property on Schedule J.[46]

---

[39] *In re Michael Nevler, Melissa Roush,* Case No. 21-11223-CMA (June 21, 2021).

[40] *In re Michael Nevler, Melissa Roush,* Case No. 21-11223-CMA, Petition, 2 (June 21, 2021).

[41] *In re Michael Nevler, Melissa Roush,* Case No. 21-11223-CMA, Motion to Dismiss (July 28, 2021).

[42] *In re Michael Nevler, Melissa Roush,* Case No. 21-11223-CMA, ORDER Dismissing Case for Inadequate Filing (July 29, 2021).

[43] See *In re Mikhail Nevler,* Case No. 22-11499-CMA (Sept. 19, 2022).

[44] *In re Mikhail Nevler,* Case No. 22-11499-CMA, Petition (Sept. 19, 2022)

[45] *In re Mikhail Nevler,* Case No. 22-11499-CMA, Balance of Schedules, Schedule A (Oct. 4, 2022).



**Buzzard O'Rourke, P.S.**
a t t o r n e y s   a t   l a w

| Service Address | Mailing Address | Contact Information |
|---|---|---|
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

42. Nevler filed this Adversary Proceeding on or about November 2, 2022, seeking an imposition of a constructive trust. (ECF No. 1).

## VI. ARGUMENT

1. <u>Summary Judgment Standard.</u>

Summary judgment should be granted "forthwith" where there is "no genuine issue of material fact, and... the moving part is entitled to judgment as a matter of law." [47]

The purpose of summary judgment is to avoid useless litigation.[48] Material facts are limited to those "upon which the outcome of the litigation depends in whole or in part."[49]

In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact.[50]

"If the moving party is a defendant and meets this initial showing, then the inquiry shifts to the party with the burden of proof at trial, the plaintiff. If, at this point, the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

---

[46] *In re Mikhail Nevler,* Case No. 22-11499-CMA, Balance of Schedules, Schedule J (Oct. 4, 2022).

[47] FRCP 56; see also *Fraternal Order of Eagles, Tenino Aerie No. 564 v. Grand Aerie of Fraternal Order of Eagles*, 148 Wn.2d 224, 253 (2002).

[48] *Currens v. Sleek*, 138 Wn.2d 858, 873 (1999).

[49] *Fraternal Order of Eagles*, at 252 n.126 (quoting *Samis Land Co. v. City of Soap Lake*, 143 Wn.2d 798 (2001)).

[50] See *LaPlante v. State*, 85 Wn.2d 154, 158, 531 P.2d 299 (1975).



**Buzzard O'Rourke, P.S.**
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

which that party will bear the burden of proof at trial,' then the trial court should grant the motion."[51]

2. <u>Judicial Estoppel.</u>

The Court should deny Nevler's claim that he is an owner of the property on the basis of judicial estoppel. The purposes of the doctrine are to preserve respect for judicial proceedings without the necessity of resort to the perjury statutes; to bar as evidence statements by a party which would be contrary to sworn testimony the party has given in prior judicial proceedings; and to avoid inconsistency, duplicity, and the waste of time.[52]

"A court may properly apply judicial estoppel when the following elements are shown: (1) a party asserts a position that is 'clearly inconsistent' with an earlier position; (2) judicial acceptance of the inconsistent position would indicate that either the first or second court was misled; and (3) 'the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party.' "[53] Judicial estoppel is properly applied when a claimant makes clearly inconsistent affirmations in prior bankruptcy filings.[54]

---

[51] *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182, 187 (1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

[52] *Seattle-First National Bank v. Marshall*, 31 Wn.App 339, 343 (1982).

[53] *Baldwin v. Silver*, 147 Wn. App. 531, 535 (2008) (citing *Arkison v. Ethan Allen, Inc.*, 160 Wn.2d 535, 538–39 (2007) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750–51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)).

[54] *Cunningham v. Reliable Concrete Pumping, Inc.,* 126 Wn.App 222 (2005).



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

*Cunningham v. Reliable Concrete Pumping, Inc.*, is instructive.[55] In *Cunningham*, the court examined the application of judicial estoppel in a bankruptcy context. The Washington Court of Appeals opined that "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements."[56] In *Cunningham*, the debtor failed to disclose a potential personal injury claim on Schedule B of his bankruptcy petition. There was a factual dispute as to whether the debtor ultimately disclosed the existence of the personal injury claim at the meeting of creditors. However, the court ruled that, even if the Debtor had disclosed the existence of the claim in the meeting of creditors, there was no genuine issue of material fact regarding his prior inconsistent position disclosed in his bankruptcy schedules.

  a.  *Inconsistent Position.*

The application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases.[57] In the case at bar, while Nevler has taken the position that he is a 100% owner in the Vashon Property, there is incontrovertible evidence that in two (2) prior bankruptcy filings (the February 2021 Bankruptcy and the November 2014 Bankruptcy) he affirmatively represented that his interest in the property was that of a tenant, and failed to assert

---

[55] *Id.* at 228.

[56] *Id.* at 228 (citing *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778 (9th Cir. 2001))

[57] *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 783 (9th Cir. 2001) (citing *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597 (1996)).



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

any ownership or possessory interest in the Vashon property whatsoever in a third prior filing. All three prior bankruptcy filings contain materially inconsistent statements that contradict this sudden claim of ownership in the (fourth) pending bankruptcy. Further, Nevler fails to allege any further dealings occurred after the June 2021 Bankruptcy to create any ownership interest.

### b. Judicial Acceptance

Prior to invoking the doctrine of judicial estoppel, the Court must find that the prior inconsistent position benefited the litigant, or was accepted by the court. Admittedly, the third bankruptcy filing filed on June 21, 2021 (21-11223-CMA) was swiftly dismissed, and it cannot be said that the non-disclosure of an ownership interest in the Vashon Property benefited Nevler in any way. Similarly, the November 2021 Bankruptcy was also ultimately dismissed when Nevler failed to document his $1,900.00 monthly expense for, as he himself described as, the "Vashon Rental."

However, the court in the November 2014 Bankruptcy clearly accepted Nevler's wholly inconsistent position regarding the Vashon Property. On December 9, 2014, Nevler filed Schedule J listing his monthly expenses and calculation of monthly net income. Schedule J lists a $700.00 monthly expense for "Rental in Vashon." The Debtor's monthly expenses ($4,659.00) were calculated against Nevler's claimed income, to produce a monthly net income figure of $525.33. Schedule J was signed by Nevler on February 9, 2015, and then again on February 1, 2019, and his signature appears below the following paragraph "I declare under penalty of



**Buzzard O'Rourke, P.S.**
a t t o r n e y s   a t   l a w

| Service Address | Mailing Address | Contact Information |
|---|---|---|
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

perjury that I have read the foregoing summary and schedules, consisting of 24 sheets, and that they are true and correct to the best of my knowledge, information and belief."[58]

The monthly income calculation was used to calculate plan payments in the Amended Plan filed on February 9, 2015. The plan was approved by the Court a month later, on March 7, 2015.[59] On February 28, 2020, Nevler received a Discharge from the Court.[60]

### c. *Unfair Advantage to Nevler and/or Detriment to Roush.*

Nevler received an unfair advantage by not asserting an ownership interest in the Vashon Property in the 2014 Bankruptcy.

Today, Nevler claims he is a 100% owner of the Vashon Property. If this position were taken as true by the court, the Vashon Property is/was an asset owned by Nevler in 2014, during his first Chapter 13 bankruptcy case. Had the Vashon Property been included as an asset of the estate in the 2014 Bankruptcy, the value of that asset would have been material in considering whether the plan in the 2014 Bankruptcy satisfied the "best interest of creditors" requirement.

Under 11 U.S.C. 1325(a)(4), a plan may be comfirmed only if "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed

---

[58] *In re Michael Nevler, Melissa L. Roush,* Case No. 14-18388-CMA, Balance of Schedules, 24 (Feb. 9, 2015).

[59] *In re Michael Nevler, Melissa L. Roush,* Case No. 14-18388-CMA, ORDER Confirming Chapter 13 Plan (Mar. 7, 2015).

[60] *In re Michael Nevler, Melissa L. Roush,* Case No. 14-18388-CMA, Order Discharging Debtor in Chapter 13 (Feb. 28, 2020).



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

| Service Address | Mailing Address | Contact Information |
| --- | --- | --- |
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."

It is important to note that Nevler claimed the Burien Property as his primary residence in the 2014 Bankruptcy.[61] The Vashon Property, had it been disclosed as a non-exempt asset, would have been subject to liquidation in a Chapter 7 filing, as the property was purportedly "owned" by Nevler at the time under his current legal theory advanced in this adversarial proceeding. Undoubtedly, liquidation of the Vashon Property as a non-exempt real estate asset of the estate would have allowed unsecured creditors in the 2014 Bankruptcy to receive more than what they received under the plan actually confirmed in the 2014 Bankruptcy. Accordingly, by Nevler failing to assert an ownership interest in the Vashon Property in 2014, he received a benefit by obtaining confirmation of a plan that otherwise would not have passed scrutiny under 11 U.S.C. 1325(a)(4).

Nevler received an unfair advantage by misrepresenting the amount of money he was paying Roush for the "Vashon Rental" in the 2014 Bankruptcy.

Again, Nevler holds no deed to the property, and his claim asserted in this 2022 adversarial proceeding seeks an imposition of a constructive trust by virtue of monthly payments made since 2014 (previously classified as "rental" payments sworn to under penalty of perjury).

In the case at bar, that he made all mortgage payments on the Vashon Property since taking possession in 2014. However, in the 2014 Bankruptcy, Nevler lists the "Vashon Rental" expense to by $700 per month.

---

[61] *In re Michael Nevler, Melissa L. Roush,* Case No. 14-18388-CMA, Petition (Nov. 18, 2014).



**Buzzard O'Rourke, P.S.**

a t t o r n e y s   a t   l a w

| Service Address | Mailing Address | Contact Information |
|---|---|---|
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

In fact, during the 2014 Bankruptcy, Nevler was paying $2,053.20 per month to Roush—an amount equal to the monthly mortgage payment at the time.[62] By misrepresenting the actual amounts paid to Roush in the 2014 Bankruptcy, it is clear that Nevler was concealing available disposable income. Nevler was in fact able to make these $2,053.20 payments, which were nearly double the stated $700 expense reflected in Nevler's Schedules.

"The integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets. The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding."[63]

Allowing Nevler to assert these claims in the instant case after receiving such unfair advantages in prior filings would clearly operate to disadvantage Roush, as these claims would operate to divest them of their fee simple ownership interest in the Vashon House. This claim should be barred on the basis of judicial estoppel.

3. <u>Unclean Hands.</u>

As explained above, judicial estoppel is an equitable doctrine designed to prevent abuse of the judicial system. Nevler's prior acts constitute both prior and ongoing abuse of the judicial system. In the case at bar, Nevler asserts a claim of equitable ownership in the Vashon Property.

---

[62] Roush Decl., ¶ 7

[63] *Hamilton*, at 785 (quoting *In re Coastal Plains*, 179 F.3d 197, 208 (5th Cir. 1999)).



Buzzard O'Rourke, P.S.
attorneys at law

| Service Address | Mailing Address | Contact Information |
|---|---|---|
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

However, a foundational maxim in our American legal system is embodied in the adage "he who comes into equity must come with clean hands."[64]

Invocation of the doctrine of unclean hands is in the discretion of the trial court, and the court may exercise such discretion if there is a clear showing of wrongfulness, willfulness, bad faith, or gross negligence.[65] The record set forth above clearly shows that Nevler wrongfully made perjurious statements to this Court, either in the case at bar, or in the prior bankruptcy filings made as recently as 2021, or possibly both. These statements were made willfully, and the current assertion of an ownership interest in the Vashon Property, after years of acknowledging the asset as a rental, constitutes bad faith.

4. Bad Faith.

This adversarial proceeding was brought in bad faith. "In Leavitt I, the Ninth Circuit expanded on Eisen and held that when considering dismissal of a chapter 13 case due to bad faith in its filing, a bankruptcy court should consider: (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Code, or otherwise filed his petition or plan in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor intended to defeat state court litigation; and (4) whether egregious behavior is present." Nevler's adversary proceeding contradicts several sworn statements, made under penalty of perjury in this Court, at various points over the course of eight (8) years. Nevler was content when the Court

---

[64] *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814, 65 S. Ct. 993, 997, 89 L. Ed. 1381 (1945).

[65]



Buzzard O'Rourke, P.S.
attorneys at law

| Service Address | Mailing Address | Contact Information |
| --- | --- | --- |
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

accepted his assertions of monthly rental expenses associated with the Vashon Property in 2014 and 2021, but now feels the Court should, in 2023, grant him a 100% ownership interest in the Vashon Property by virtue of these rental payments. Judicial estoppel is highly appropriate under these circumstances.

5. <u>Statute of Limitations.</u>

Constructive trusts are generally reserved for circumstances when one party has enriched themselves through fraud or undue influence.[66] All facts asserted in Nevler's *Complaint* can be taken as true for the purposes of Summary Judgment. The claim for a constructive trust fails as a matter of law, because it is time barred by the applicable statute of limitations.

A claim for imposition of a constructive trust is an equitable claim, and is subject to a three (3) year statute of limitations.[67] In a constructive trust claim, there must be an underlying cause of action based on fraud, undue influence, unjust enrichment, or other wrongful act.[68]

In this case, Nevler does not allege the existence of any express oral contract, or promise, made by Roush. Presumably, Nevler's argument for imposition of a constructive trust is based

---

[66] *Consulting Overseas Mgmt., Ltd. v. Shtikel*, 105 Wn. App. 80, 86–87 (2001); see also *Scymanski v. Dufault*, 80 Wn.2d 77, 88 (1971), *Seventh Elect Church v. First Seattle Dexter Horton Nat'l Bank*, 162 Wash. 437, 440 (1931).

[67] *Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 139 Wn.2d 824, 837–38, 991 P.2d 1126 (2000).

[68] See *Consulting Overseas Mgmt., Ltd. v. Shtikel*, 105 Wn. App. 80, 86–87 (2001).



Buzzard O'Rourke, P.S.
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

solely on the theory of unjust enrichment. The three (3) year statute of limitations applicable to actions on unwritten contracts, RCW 4.16.080(3), applies to an action for unjust enrichment.[69]

An action for unjust enrichment lies in a promise implied by law that one will render to the person entitled thereto that which in equity and good conscience belongs to that person.[70] The promise to pay, implied by law, is the promise that is said to be "broken" in an unjust enrichment claim.[71] Nevler claims that the benefit conferred upon Roush were extended immediately upon taking possession of the house. The benefits conferred are described as "making all of the mortgage payments." (ECF No. 1). Nevler allegedly made all monthly mortgage payments for nine (9) years (this point is contested, but can be taken as a verity for the purpose of summary judgment).

Generally, a cause of action accrues, and the statute of limitations begins to run when a party has the right to apply to a court for relief.[72] In *Eckert v. Skagit Corporation*, a claimant working as a machinist brought suit for unjust enrichment against his employer.[73] The claim was predicated on the employer's consensual use for 18 years of a micrometer caliper attachment developed by the machinist on his own time. The Washington Court of Appeals held that the claim was time barred, further holding that the record did not reflect the precise time of the

---

[69] *Geranios v. Annex Investments, Inc.*, 45 Wn.2d 233 (1954); See *Dam v. General Elec. Co.*, 265 F.2d 612 (9th Cir. 1958).

[70] *Eckert v. Skagit Corp.*, 20 Wn.App 849, 851 (1978)

[71] *Id.*

[72] *Haslund v. Seattle*, 86 Wn.2d 607, 547 P.2d 1221 (1976).

[73] *Eckert* at 851.



Buzzard O'Rourke, P.S.
attorneys at law

| Service Address | Mailing Address | Contact Information |
| --- | --- | --- |
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

"breach" by the employer of its allegedly implied promise to pay, it was clear that the fact that the machinist had not been compensated was susceptible of proof during the first three years of the employer's use of the invention, that the cause of action fully matured at that time.[74]

The case at bar is similar, if, as Nevler claims, he was making 100% of the mortgage payments since 2014, the fact that Nevler had received no renumeration for his payments was susceptible to proof between 2014-2017. Accordingly, the statute of limitations on this claim would have expired in 2020.

More than three (3) years has elapsed since the claim for unjust enrichment became ripe for adjudication. The unjust enrichment claim is the basis for the claim for imposition of a constructive trust. Both the claim for unjust enrichment and the claim for imposition of a constructive trust carries a three (3) year statute of limitations. Plaintiff's claim for a "constructive trust" is time barred and should be dismissed.

## VII.   CONCLUSION.

Nevler has been in a perpetual state of bankruptcy reorganization since 2014. The 2014 Bankruptcy resulted in a discharge in 2020. The very next year, in 2021, Nevler filed two more petitions for Chapter 13 relief. Finally, in September 2022, a fourth bankruptcy petition has been filed, which gave rise to this adversarial proceeding.

In the case at bar, Nevler claims that he has paid all of the mortgage payments on the Vashon Property since taking possession in 2014. This allegation conflicts with numerous

---

[74] *Id.*



**Buzzard O'Rourke, P.S.**
a t t o r n e y s   a t   l a w

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com

Case 22-01054-CMA    Doc 8    Filed 02/23/23    Ent. 02/23/23 14:32:02    Pg. 21 of 23

statements made under penalty of perjury in previous filings made over the course of nearly a decade.

Washington law is well settled that when a party gives clear unambiguous testimony which negate a genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that contradicts the prior testimony.[75] Nevler repeatedly, and as recently as the second 2021 Bankruptcy, represented a monthly expense as a "Vashon Rental." The characterization of this expense as a "Vashon Rental" is aligns with Roush's position, and supports Roush's counterclaim for a declaratory judgment declaring Nevler to be a tenant of the Vashon Property.

The statements made in these prior bankruptcies operated to Nevler's benefit. Had Nevler advanced his current theory that he is the beneficial owner of the Vashon Property during his 2014 Bankruptcy, the Vashon Property could have been considered an asset of the estate. Given his representations that his primary residence during all three prior bankruptcies was his property in Burien, the Vashon Property would have been a non-exempt asset of the estate subject to liquidation. By representing the Vashon Property as a rental, Nevler avoided the risk of having his plan denied, or case converted, under the best interest of creditors test under 11 U.S.C. 1325(a)(4).

Furthermore, it is clear that Nevler misrepresented the amount of money he was paying Roush in 2014 for the "Vashon Rental." The stated monthly expense in the 2014 Bankruptcy Schedules ($700 per month) was approximately 50% of the amounts actually being paid to Roush for the occupancy of the Vashon Property. This extra money was available, and had to

---

[75] Marshall v AC & S, Inc. 56 Wn.App. 181, 185, 782 P.2d 1107, 1109 (1989).



Buzzard O'Rourke, P.S.
attorneys at law

| Service Address | Mailing Address | Contact Information |
|---|---|---|
| 314 Harrison Avenue | PO Box 59 | Ph: (360) 736-1108 |
| Centralia | Centralia | Fax: (360) 330-2078 |
| Washington | Washington | buzzardlaw.com |
| 98531 | 98531 | |

come from somewhere. However, the source of this extra money was not disclosed in his schedules. The statement asserted in the adversarial complaint—that Nevler paid 100% of the mortgage payments since 2014—conflicts with his statement that he was only paying $700 per month in 2014.

Concealing income, failing to assert claims, and otherwise making inconsistent and provably false statements in these prior filings should categorically bar Nevler's claim for an imposition of a constructive trust. Any action brought in bankruptcy proceedings must be brought in good faith, and anyone coming to court in equity must do so with clean hands. Nevler's claims in this action fail in both respects.

For the foregoing reasons, summary judgment should be granted in favor of Roush. Mr. and Mrs. Roush respectfully ask the court to enter an order granting their summary judgment motion, dismissing Nevler's complaint, and entering a declaratory judgment adjudicating Nevler's interest in the Vashon Property to be that of a mere tenant, not an owner.

Respectfully submitted this 23rd day of February, 2023.



_____
ERIC J. LANZA, WSBA 50042
Attorney for Roush.

Buzzard O'Rourke, P.S.
attorneys at law

Service Address
314 Harrison Avenue
Centralia
Washington
98531

Mailing Address
PO Box 59
Centralia
Washington
98531

Contact Information
Ph: (360) 736-1108
Fax: (360) 330-2078
buzzardlaw.com